**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: June 4 2014

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **In Re:** | ) | Case No. 11-36357 |
| | ) | |
| Douglas J. Godlove, | ) | Chapter 7 |
| | ) | |
| **Debtor.** | ) | |
| | ) | **JUDGE JOHN P. GUSTAFSON** |

### ORDER GRANTING MOTION TO REOPEN

This case came before the court on Debtor Douglas J. Godlove's Motion to Reopen Case to Allow for Relief to the Debtor ("Motion"). [Doc. # 20].

Under 11 U.S.C. §350(b), a bankruptcy case may be reopened "to administer assets, to accord relief to the debtor, or for other cause." A decision to reopen a case is committed to the sound discretion of the court. *In re Kapsin,* 265 B.R. 778, 780 (Bankr.N.D. Ohio 2001).

The Motion seeks to have this court order the reopening of the Chapter 7 case, and permit the waiver of the filing fee for the Motion to Reopen. The Motion also states that the reopening is "for Debtor to file an adversary complaint." [Doc. # 20].

The issue of the waiver the filing fee for the reopening of the case is governed by 28 U.S.C. §1930(b). Congress has specified the filing fees that must be paid to commence a case under the various chapters of the Bankruptcy Code. *See*, 28 U.S.C. §1930(a). The fees for other bankruptcy related filings are set by the Judicial Conference of the United States. *See*, 28 U.S.C. §1930(b).

The Judicial Conference of the United States has exercised its authority under Section 1930(b) by issuing the Bankruptcy Court Miscellaneous Fee Schedule (hereinafter "Fee Schedule").  *See*, http://www.uscourts.gov/FormsAndFees/Fees/BankruptcyCourtMiscellaneousFeeSchedule.aspx . Pursuant to Section 11 of the Fee Schedule:

> The reopening fee must not be charged in the following situations:
> - when a debtor files a motion to reopen a case based upon an alleged violation of the terms of the discharge under 11 U.S.C. §524;

Accordingly, the Motion to Reopen will be Granted and the filing fee will be waived.

Finally, the purpose of the Motion is stated to be the seeking of "relief from a creditor who violated the discharge injunction" through the filing of an adversary complaint.

Nothing in this Motion shall be construed as authorizing the filing for relief that it is inconsistent with the Sixth Circuit's holding in *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 523–24 (6th Cir. 2000); *see also*, *Badovick v. Greenspan (In re Greenspan )*, 2011 Bankr.LEXIS 272, *8, 2011 WL 310703, *3 (B.A.P. 6th Cir., Feb. 2, 2011).

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that the Debtor's Motion to Reopen Case to Allow for Relief to the Debtor [Doc. # 20] be, and is hereby, **GRANTED**.

**IT IS FURTHER ORDERED** that the filing fee be, and hereby is, **WAIVED**.

###